SC

**WO**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Paul Price,                                    )   No. CV 08-0198-PHX-DGC (HCE)
                                               )
            Plaintiff,                         )   **ORDER**
                                               )
vs.                                            )
                                               )
Joe Arpaio,                                    )
                                               )
            Defendant.                         )
                                               )
_____)

Plaintiff Paul Price, who is confined in the Durango Jail in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.[1]  (Doc.# 1.)[2]  The Court will dismiss the Complaint with leave to amend.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee.**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  The statutory fee will be collected monthly in payments of 20% of the previous month's income each time

---

[1]  Many inmates apparently believe that they will receive an immediate payout from a fund established in <u>Hart v. Hill</u>, No. CV 77-0479-PHX-EHC (MS) (D. Ariz. filed Jan. 10, 1995).  No such fund exists.  The inmates in <u>Hart</u> asked for injunctive relief and not monetary damages.  The Court at this time expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

[2]  "Doc.#" refers to the docket number of filings in this action.

JDDL-K

1  the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a
2  separate Order requiring the appropriate government agency to collect and forward the fees
3  according to the statutory formula.

4  **II.    Statutory Screening of Prisoner Complaints.**

5           The Court is required to screen complaints brought by prisoners seeking relief against
6  a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.
7  § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised
8  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
9  be granted, or that seek monetary relief from a defendant who is immune from such relief.
10 28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the
11 allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint
12 before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)
13 (*en banc*).  The Court should not, however, advise the litigant how to cure the defects.  This
14 type of advice "would undermine district judges' role as impartial decisionmakers."  Pliler
15 v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide
16 whether the court was required to inform a litigant of deficiencies).  Plaintiff's Complaint
17 will be dismissed for failure to state a claim with leave to amend because the Complaint may
18 possibly be saved by amendment.

19 **III.   Complaint.**

20          Plaintiff alleges three counts regarding his conditions of confinement.  He sues only
21 Maricopa County Sheriff Joe Arpaio.  Plaintiff seeks compensatory damages.[3]

22 **IV.    Failure to State a Claim.**

23          To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the
24 conduct about which he complains was committed by a person acting under the color of state
25 law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v.

26

27 ───────────────
28        [3]  Plaintiff states that he also seeks damages for incarceration in Durango Jail eight
years ago.  Plaintiff fails to include allegations regarding that confinement in his Complaint.
If raised in an amended complaint, such claim may be barred by the statute of limitations.

JDDL-K                                                                    - 2 -

1    Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, a plaintiff must allege that he

2    suffered a specific injury as a result of the conduct of a particular defendant and he must

3    allege an affirmative link between the injury and the conduct of that defendant.  Rizzo v.

4    Goode, 423 U.S. 362, 371-72, 377 (1976).

5         **A.**    **Sheriff Arpaio.**

6         Although Sheriff Arpaio may properly be sued for constitutional violations, Plaintiff

7    fails to state a claim against him.  "A plaintiff must allege facts, not simply conclusions, that

8    show that an individual was personally involved in the deprivation of his civil rights."

9    Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  For an individual to be liable in

10    his official capacity, a plaintiff must allege that the official acted as a result of a policy,

11    practice, or custom.  See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir.

12    2001).  Further, there is no *respondeat superior* liability under § 1983, so a defendant's

13    position as the supervisor of a someone who allegedly violated a plaintiff's constitutional

14    rights does not make him liable.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978);

15    Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor in his individual capacity,

16    "is only liable for constitutional violations of his subordinates if the supervisor participated

17    in or directed the violations, or knew of the violations and failed to act to prevent them."

18    Taylor, 880 F.2d at 1045.

19         Plaintiff has not alleged facts to support that Sheriff Arpaio enacted or enforced a

20    policy, custom, or practice that resulted in the denial of Plaintiff's constitutional rights.

21    Further, Plaintiff has not alleged facts to support that Arpaio directly violated his

22    constitutional rights or that he was aware that Plaintiff's rights were being violated but failed

23    to act.  Thus, Plaintiff fails to state a claim against Arpaio in his Complaint.

24         **B.**    **Conditions of Confinement.**

25         In each count, Plaintiff alleges that his conditions of confinement are unconstitutional.

26    A pretrial detainee's claim for unconstitutional conditions of confinement arises from the

27    Due Process Clause of the Fourteenth Amendment while a convicted inmate's claims for

28    unconstitutional conditions arises from the Eighth Amendment prohibition against cruel and

1    unusual punishment.  Bell v. Wolfish, 441 U.S. 520 (1979).  Nevertheless, the same

2    standards are applied.  See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  To state a

3    claim for unconstitutional conditions, a plaintiff must allege an objectively "sufficiently

4    serious" deprivation that results in the denial of "the minimal civilized measure of life's

5    necessities."  Farmer v. Brennan, 511 U.S. 825, 834 (1994); Allen v. Sakai, 48 F.3d 1082,

6    1087 (9th Cir. 1994); see Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1049-50 (9th Cir.

7    2002).   That is, a plaintiff must allege facts supporting that he is incarcerated under

8    conditions posing a substantial risk of harm.  Farmer, 511 U.S. at 834.

9         Whether a condition of confinement rises to the level of a constitutional violation may

10   depend, in part, on the duration of an inmate's exposure to that condition.  Keenan v. Hall,

11   83 F.3d 1083, 1089 (9th Cir. 1996) (citing Hutto v. Finney, 437 U.S. 678, 686-87 (1978)).

12   Further, allegations of overcrowding, alone, are insufficient to state a claim.  See Rhodes v.

13   Chapman, 452 U.S. 337, 348 (1981).  When, however, overcrowding causes an increase in

14   violence or reduces the provision of other constitutionally required services, or reaches a

15   level where the institution is no longer fit for human habitation, the inmate's right against

16   cruel and unusual punishment may be violated.  See Balla v. Idaho State Bd. of Corr., 869

17   F.2d 461, 471 (9th Cir. 1989); Toussaint v. Yockey, 722 F.2d 1490, 1492 (9th Cir. 1984).

18   In addition to alleging facts to support that he is confined in conditions posing a substantial

19   risk of harm, a plaintiff must also allege facts to support that a defendant had a "sufficiently

20   culpable state of mind," i.e., that the official acted with deliberate indifference to inmate

21   health or safety.  Id.  In defining "deliberate indifference" in the jail context, the Supreme

22   Court has imposed a subjective test: "the official must both be aware of the facts from which

23   the inference could be drawn that a substantial risk of serious harm exists, and he must also

24   draw the inference."  Id. at 837.  A plaintiff must also allege how he was injured by the

25   alleged unconstitutional conditions.  See, e.g., Lewis v. Casey, 518 U.S. 343, 349 (1996)

26   (doctrine of standing requires that claimant have suffered or will imminently suffer actual

27   harm); Caswell v. Calderon, 363 F.3d 832, 836 (9th Cir. 2004) (case-or-controversy

28

1  requirement means that plaintiff must have an actual or threatened injury traceable to the
2  defendant and likely to be redressed by a favorable judicial decision).

3  **1.   Counts I and II**

4      In Counts I and II, Plaintiff alleges sufficient facts concerning conditions at Durango,
5  but he fails to allege facts to connect Sheriff Arpaio or anyone else to those conditions.  He
6  also fails to set forth facts to support that Arpaio has acted with deliberate indifference to
7  those conditions.  For these reasons, Plaintiff fails to state a claim in Counts I and II against
8  Arpaio.

9  **2.   Count III**

10     In Count III, Plaintiff alleges that he is provided two rather than three meals a day.
11 He also alleges that he has difficulty getting water to drink with his dinner.  He alleges that
12 no beverage is served with dinner and that inmates cannot get water from the fountain until
13 all inmates have been served, when many form a line to get water.  Plaintiff alleges that he
14 sometimes does not have enough time to eat his dinner after waiting in line to get water.

15     The Eighth Amendment requires only that prisoners receive food that is adequate to
16 maintain health; it need not be tasty or aesthetically pleasing." <u>LeMaire v. Maas</u>, 12 F.3d
17 1444, 1456 (9th Cir. 1993); <u>see</u> <u>Frost</u>, 152 F.3d at 1128 (applying Eighth Amendment
18 standard to a pretrial detainee's Fourteenth Amendment claims regarding his conditions of
19 confinement).  An inmate may, however, state a claim where he alleges that he is served
20 meals with insufficient calories for long periods of time.  <u>Id.</u>

21     The provision of two meals a day, rather than three, does not rise to the level of a
22 constitutional violation.  Further, the failure to serve water with dinner and/or to allow
23 inmates to get water while meals are being served, does not rise to the level of a
24 constitutional violation, absent the allegation of additional facts.  Finally, Plaintiff fails to
25 connect this claim to the Defendant or to allege facts to support that the Defendant has acted
26 with deliberate indifference to this condition.  For these reasons, this Count fails to state a
27 claim.
28 /      /      /

JDDL-K

- 5 -

1    **V.     Leave to Amend.**

2          For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state

3    a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first

4    amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail

5    Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails

6    to use the court-approved form, the Court may strike the amended complaint and dismiss this

7    action without further notice to Plaintiff.

8          Plaintiff must clearly designate on the face of the document that it is the "First

9    Amended Complaint."  The first amended complaint must be retyped or rewritten in its

10   entirety on the court-approved form and may not incorporate any part of the original

11   Complaint by reference.  Plaintiff may include only one claim per count.

12         A first amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963

13   F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,

14   1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as

15   nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original

16   complaint is waived if it is not raised in a first amended complaint.  King v. Atiyeh, 814 F.2d

17   565, 567 (9th Cir. 1987).

18   **VI.    Warnings.**

19         **A.     Release.**

20         Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

21   Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

22   the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

23   in dismissal of this action.

24         **B.     Address Changes.**

25         Plaintiff must file and serve a notice of a change of address in accordance with Rule

26   83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

27   relief with a notice of change of address.  Failure to comply may result in dismissal of this

28   action.

1    **C.    Copies.**

2         Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u>

3    LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice

4    to Plaintiff.

5    **D.    Possible "Strike."**

6         Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails

7    to file an amended complaint correcting the deficiencies identified in this Order, the

8    dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).

9    Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil

10   judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior

11   occasions, while incarcerated or detained in any facility, brought an action or appeal in a

12   court of the United States that was dismissed on the grounds that it is frivolous, malicious,

13   or fails to state a claim upon which relief may be granted, unless the prisoner is under

14   imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

15   **E.    Possible Dismissal.**

16        If Plaintiff fails to timely comply with every provision of this Order, including these

17   warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik</u>, 963 F.2d at

18   1260-61 (a district court may dismiss an action for failure to comply with any order of the

19   Court).

20   **IT IS ORDERED:**

21        (1)    Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint,

22   is **granted**.

23        (2)    As required by the accompanying Order to the appropriate government agency,

24   Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

25        (3)    The Complaint (doc.# 1) is **dismissed** for failure to state a claim.  Plaintiff has

26   **30 days** from the date this Order is filed  to file a first amended complaint in compliance with

27   this Order.

28

1    (4)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of

2  Court must, without further notice, enter a judgment of dismissal of this action with prejudice

3  that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

4    (5)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil

5  rights complaint by a prisoner.

6    DATED this 25th day of March, 2008.

7

8

9    _____

10                        David G. Campbell
                         United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*). Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed. <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>        Attorney for Defendant(s)
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint. <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. Counts.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. Issue Involved.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. Supporting Facts.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. Injury.  State precisely how you were injured by the alleged violation of your rights.

5. Administrative Remedies.  You must exhaust any available administrative remedies before you file a civil rights complaint.  See 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| _____, ) | |
| (Full Name of Plaintiff)    Plaintiff,  ) | |
| ) | |
| vs.  ) | **CASE NO.** _____ |
| ) | (To be supplied by the Clerk) |
| (1)_____, ) | |
| (Full Name of Defendant)  ) | |
| (2)_____, ) | **CIVIL RIGHTS COMPLAINT** |
| ) | **BY A PRISONER** |
| (3)_____, ) | |
| ) | ☐ Original Complaint |
| (4)_____, ) | ☐ First Amended Complaint |
| Defendant(s).  ) | ☐ Second Amended Complaint |
| ☐ Check if there are additional Defendants and attach page 1-A listing them.  ) | |

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    - ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    - ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
    - ☐ Other: _____.

2.  Institution/city where violation occurred: _____.

Revised 3/9/07                                    1                                    **550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
(Position and Title)                                   (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
(Position and Title)                                   (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
(Position and Title)                                   (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
(Position and Title)                                   (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number: _____.
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
       _____.

   b.  Second prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number: _____.
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
       _____.

   c.  Third prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number: _____.
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
       _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____

_____

_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                          ☐ Yes     ☐ No
   b.   Did you submit a request for administrative relief on Count I?                 ☐ Yes     ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?     ☐ Yes     ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

   _____.

**COUNT II**

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
 ☐ Basic necessities          ☐ Mail              ☐ Access to the court       ☐ Medical care
 ☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion      ☐ Retaliation
 ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**
 a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes    ☐ No
 b.    Did you submit a request for administrative relief on Count II?             ☐ Yes    ☐ No
 c.    Did you appeal your request for relief on Count II to the highest level?   ☐ Yes    ☐ No
 d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities            ☐ Mail              ☐ Access to the court         ☐ Medical care
☐ Disciplinary proceedings     ☐ Property          ☐ Exercise of religion        ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                        ☐ Yes    ☐ No
   b.   Did you submit a request for administrative relief on Count III?              ☐ Yes    ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?     ☐ Yes    ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____ .


I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____        _____
                             DATE                                      SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.